AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Theresa Ellen Elliott** | **Amended Judgment in a Criminal Case - Reason:**<br>**Correction of Sentence for Clerical Mistake (fed. R. Crim. P. 36)**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:09CR00749-001JB**<br>USM Number: **48269-051**<br>Defense Attorney: **John Van Butcher, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841 | Conspiracy to Violate 21 U.S.C. Sec. 841 (b)(1)(b) | 02/27/2009 | |

The defendant is sentenced as specified in pages 2 through **6** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| County of Residence | **April 22, 2010**<br>Date of Imposition of Judgment<br><br>**/s/ James O. Browning**<br>Signature of Judge<br><br>**Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge<br><br>**August 13, 2010**<br>Date Signed |

Defendant: **Theresa Ellen Elliott**
Case Number: **1:09CR00749-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **24 months**.

The Court notes Defendant Theresa Ellen Elliott transported approximately 1.4 kilograms of phencyclidine ("PCP") by passenger train. For sentencing purposes, Elliott`s total offense level is 23 and her criminal history category is I, resulting in a guideline imprisonment of 46 to 57 months. The Court has carefully considered the guidelines in this case. In arriving at its sentence, however, the Court has taken account not only of the guidelines, but of other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the materials in the Presentence Investigation Report, Elliott`s statement, the briefing of the parties -- both on the objection and on the requests for a downward departure and variance -- and the arguments at the sentencing hearing, the Court does not believe that the punishment set forth in the guidelines is appropriate for this sort of offense.

The Court has considered the kinds of sentences and ranges that the guidelines establish and, after careful consideration, the Court believes that Elliott has proposed a sentence that reflects well the factors set forth in 3553(a). The Court will thus sentence Elliott to 24 months.

The Court does not think that Elliott`s case merits a downward departure for duress and coercion under the guidelines. The Court is, however, struck by Elliott`s minor role and her lack of financial interest in the drug transaction. Elliott appears to have been put in a very bad situation. Part of that situation, however, was created by her participation in a bad relationship. Elliott could have done more to extricate herself from the situation, but the Court can also understand why she did not do that. She may not have felt emotionally able to make the decisions necessary to avoid that situation. Thus, having looked at Elliott`s statement, the Court was already inclined to vary somewhat from the guideline sentence, and to arrive at a sentence in the neighborhood of 24 months. What transpired at the sentencing hearing confirmed that inclination.

The Court is concerned about Elliott`s criminal history. The criminal justice system has not sent Elliott a very consistent message about how seriously it treats some of the offenses of which she was previously convicted. At the same time, however, the criminal history category reflects her relatively light prior sentences, so the Court need not emphasize the past criminal history too much in this case.

First, a 24-month sentence in this case reflects the seriousness of Elliott`s offense. It is a very serious offense, but a 24-month sentence is also a serious sentence. The sentence is sufficient to promote respect for the law, particularly given that the state criminal justice system has not perhaps emphasized this factor with Elliott enough in the past. The Court`s sentence provides a more just punishment than a guideline sentence of 46 months would. The Court has some concerns whether a sentence of 24 months provides adequate deterrence, but it is probable that no court can provide adequate deterrence to bad relationships. Nevertheless, the Court finds that this 24-month sentence provides adequate specific deterrence to the criminal conduct in which Elliott would knowingly engage and also provides general deterrence to those who might be persuaded to help others transport PCP. Finally, while playing any role in transporting this amount of PCP is very serious and creates a danger to the public, Elliott has not demonstrated any violence in her criminal history, and the decision to transport the PCP was not her own. The Court thus thinks this 24-month sentence is sufficient to protect the public.

While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a) -- this sentence is more reasonable than one within the guideline range. The Court agrees with Mr. John V. Butcher, Elliott`s attorney, that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment set for in the Sentencing Reform Act. The Court thus sentences Elliott to the custody of the Bureau of Prisons for a term of 24 months.

☒    The court makes these recommendations to the Bureau of Prisons:

   **The Court recommends the closest female facility to Cleveland, OH that offers the BOP 500 hour drug treatment program, if eligible.**
   **The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant must surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


UNITED STATES MARSHAL


Deputy United States Marshal

Defendant: **Theresa Ellen Elliott**
Case Number: **1:09CR00749-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- ☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Theresa Ellen Elliott**
Case Number: **1:09CR00749-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under her control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of her person, property, or automobile under her control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting controlled substances or dangerous weapons at the direction of the probation officer. She must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. She must not frequent places where alcohol is the primary item for sale.**

**The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

**The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest.**

**The Defendant shall participate in a consumer credit counseling program.**

Defendant: **Theresa Ellen Elliott**
Case Number: **1:09CR00749-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒   In full immediately; or

B     ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.